IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH CRANDALL, on behalf of himself and those similarly situated, 2307 North Carlisle Street Philadelphia PA 19132 | COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA |
| and | No. |
| CHRISTIAN DEJOHN, on behalf of himself and those similarly situated, 2967 W School House Lane, Apt C704A Philadelphia, PA 19144 | **JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| U.S. DEPT. OF VETERAN AFFAIRS 5000 Wissahickon Avenue Philadelphia PA 19101 | |
| and | |
| THOMAS LASTOWKA c/o U.S. Department of Veteran Affairs 5000 Wissahickon Avenue Philadelphia PA 19101 | |
| and | |
| JOHN DOES 1-10 c/o U.S. Department of Veteran Affairs 5000 Wissahickon Avenue Philadelphia PA 19101 | |
| Defendants. | |

## COLLECTIVE ACTION CIVIL COMPLAINT

Kenneth Crandall and Christian DeJohn ("Named Plaintiffs"), on behalf of themselves and those similarly situated (hereinafter referred to as "Collective Action Plaintiffs"), hereby

1

complains as follows against Defendant U.S. Department of Veteran Affairs, Defendant Thomas Lastowka and Defendants John Doe 1-10 (hereinafter "Defendants").

## INTRODUCTION

1. Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiffs assert that Defendants failed to pay Named Plaintiffs and similarly situated employees (referred to herein as "Collective Action Plaintiffs") proper overtime compensation in violation of the FLSA.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.*

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Plaintiff Kenneth Crandall ("Plaintiff Crandall") is an adult individual with an address as set forth above.

8. Plaintiff Christian DeJohn ("Plaintiff DeJohn") is an adult individual with an address as set forth above.

9. Defendant U.S. Department of Veteran Affairs is a government entity headquartered at the address as set forth in the caption which operates a facility in Philadelphia, PA.

10. Defendant Thomas Lastowka, at all times relevant herein, was and is the Director of the Philadelphia Regional office of Defendants U.S. Department of Veteran Affairs. As the director, Defendant Lastowka had control over Named Plaintiffs' and Collective Action Plaintiffs' pay and the policies regarding not paying Named Plaintiffs and Collective Action Plaintiffs for work performed during unpaid "lunch breaks."

11. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failing to pay Named Plaintiff and Collective Action Plaintiffs proper compensation pursuant to the FLSA.

12. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and Collective Action Plaintiffs.

13. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Named Plaintiff brings this action for violations of the FLSA as a nation-wide collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as hourly employees who worked through their unpaid "lunch breaks" (the members of this putative class are referred to herein as "Collective Action Plaintiffs").

15. Named Plaintiff and Collective Action Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

16. There are numerous similarly situated current and former employees of Defendants who Defendants forced to work through their unpaid "lunch breaks" who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

17. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

18. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

19. The foregoing paragraphs are incorporated herein as if set forth in full.

20. Upon information and belief, Defendants have maintained an unlawful wage payment system for at least the last three years.

21. Plaintiff Crandall began working for Respondent on or about January 31, 2010, and continues to work for Defendants through the present, and plans to continue working for Defendants for the foreseeable future.

22. Plaintiff DeJohn began working for Respondent on or about October 7, 2007, and continues to work for Defendants through the present, and plans to continue working for Defendants for the foreseeable future.

23. Named Plaintiffs work for Defendants as Veterans Service Representatives.

24. Named Plaintiffs' job duties are primarily clerical in nature.

25. Named Plaintiffs and Collective Action Plaintiffs are current and/or former hourly employees of Defendants, who within the last three years have been or are presently employed by Defendants.

26. Defendants require/required Named Plaintiffs and Collective Action Plaintiffs to minimally work a schedule of eight and one-half (8 ½) hours each week day.

27. Named Plaintiffs and Collective Action Plaintiffs rarely, if ever, take/took a "lunch break."

28. Accordingly, Named Plaintiffs and Collective Action Plaintiffs regularly work/worked for Defendants 42.5 hours per workweek, at a minimum.

29. Defendants, however, automatically deduct/deducted 30 minutes of pay each day for a "lunch break," even though Named Plaintiffs and Collective Action Plaintiffs only rarely, if ever, took a "lunch break."

30. Moreover, Defendants penalized Named Plaintiffs and Collective Action Plaintiffs if they left even 1 minute before their 8.5 hour shift completed; however, Defendants

did not compensate Named Plaintiffs and Collective Action Plaintiffs if they stayed longer than their shift.

31. Accordingly, to ensure they would not be disciplined for leaving early, Named Plaintiffs and Collective Actions Plaintiffs routinely work/worked longer than their actual shift, and Defendants fails/failed to pay them any extra compensation for having worked beyond their scheduled shifts.

32. Defendants thus fail/failed to pay Named Plaintiffs and Collective Action Plaintiffs for at least 2.5 hours per workweek, which hours should have been paid at one and a half times Named Plaintiffs' or Collective Action Plaintiffs' regular rates of pay.

33. As a result of Defendants' aforesaid illegal actions, Named Plaintiffs and Collective Action Plaintiffs have suffered damages.

## COUNT I
### Fair Labor Standards Act (FLSA)
(failure to pay overtime compensation)
(Plaintiffs and Collective Action Plaintiffs)

34. The foregoing paragraphs are incorporated herein as if set forth in full.

35. At all times relevant herein, Defendants were and continue to be employers within the meaning of the FLSA.

36. Defendants had control over Named Plaintiffs' and Collective Action Plaintiffs' pay.

37. At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were employed by Defendants as non-exempt employees within the meaning of the FLSA.

38. Under the FLSA, an employer must pay a non-exempt employee at least one and one half times the employee's regular hourly rate of pay for each hour worked in excess of forty per workweek.

39. Defendants' violations of the FLSA include, but are not limited to:

    a. not paying Named Plaintiffs and Collective Action Plaintiffs at least 1.5 times their regular hourly rate of pay for all hours worked in excess of forty per workweek; and

    b. not using proper record keeping to ensure that Named Plaintiffs and Collective Action Plaintiffs were paid for each and every hour they worked.

40. Defendants' conduct caused Named Plaintiffs and Collective Action Plaintiffs to suffer damages.

**WHEREFORE**, Named Plaintiffs and Collective Action Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of the FLSA;

(2) Defendants are to compensate, reimburse, and make Named Plaintiffs and Collective Action Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(3) Named Plaintiffs and Collective Action Plaintiffs are to be awarded liquidated damages as provided by applicable law in an amount equal to the actual damages in this case; and;

(4)  Named Plaintiffs and Collective Action Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

Respectfully Submitted,

*/s/ Justin Swidler/us*
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1878 Marlton Pike East, Ste. 10
Cherry Hill, NJ 08003
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: October 25, 2011